# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| TERESA BUSHBERGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PROGRESSIVE FINANCIAL SERVICES, INC.,<br><br>Defendant. | Case No.: 17-cv-254<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.     This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2.     The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.     Plaintiff Teresa Bushberger is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.     Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5.     Defendant Progressive Financial Services, Inc. ("Progressive") is a foreign corporation with its principal offices located at 1919 W Fairmont Drive, Building 8, Tempe, AZ 85282.

6.      Progressive is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7.      Progressive is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Progressive is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8.      On or about September 9, 2016, Progressive mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this complaint as Exhibit A.

9.      The top of Exhibit A states that the "CREDITOR" is allegedly "CAPITAL ONE, N.A." ("Capital One").

10.     The bottom of Exhibit A, however, states that the "CREDITOR" is allegedly "KOHLS DEPARTMENT STORE."

11.     Upon information and belief, the alleged debt that Progressive was attempting to collect was a "Kohl's" store credit account, owned and serviced by Capital One, and used only for personal, family or household purposes including purchases of personal and home goods at Kohl's department stores.

12.     Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

13.     Upon information and belief, Exhibit A is a form debt collection letter used by Progressive to attempt to collect alleged debts.

14.     Exhibit A states:

KOHLS DEPARTMENT STORE will currently accept $830.81 (60% of the amount currently due on this account) to settle your account.

To take advantage of this offer contact our offices prior to 10/09/2016 to make arrangements or forward payment of

2

$830.81 with the coupon below so that it is received in our office on or before 10/09/2016. Note that after 10/09/2016 neither Progressive Financial Services, Inc. nor KOHLS DEPARTMENT STORE is under any obligation to renew this offer. If payment is not received in our office on or before 10/09/2016, we will continue to pursue collection of the full balance due.

15.     Kohl's Department Store ("Kohl's") and Capital One are two distinct business entities.

16.     Exhibit A states that the creditor is Capital One. Exhibit A also states that Kohl's is willing to settle the debt with Plaintiff. However, upon information and belief, Capital One is the current creditor, not Kohl's, and only Capital One can authorize a settlement of the alleged debt listed in Exhibit A.

17.     Progressive's misrepresentation is a materially false, misleading or confusing statement.

18.     Misrepresentation of the creditor's identity is a misrepresentation of the character and legal status of the debt. 15 U.S.C. § 1692e(2)(a).

19.     Progressive's misrepresentation is also a "false representation or deceptive means to collect or attempt to collect any debt," in violation of 15 U.S.C. § 1692e(10).

20.     The unsophisticated consumer could mistakenly believe that Kohl's was the current creditor and could mistakenly attempt to contact Kohl's with questions or make payments to the wrong business entity.

21.     If a consumer sent a check to Kohl's, the payment may not satisfy the alleged debt owed to the correct creditor, who could be within its rights to continue collection efforts or even file a lawsuit to collect the debt.

22.     In addition, the consumer may be barred from recovering a payment to the incorrect party by the voluntary payment doctrine. Even if the voluntary payment doctrine does

not apply or would not be enforced, the logistical challenge of obtaining a refund would discourage consumers from attempting to recover their erroneous payment.

23.     15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24.     15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

25.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

26.     Plaintiff was confused by Exhibit A.

27.     The unsophisticated consumer would be confused by Exhibit A.

28.      Plaintiff had to spend time and money investigating Exhibit A.

29.     Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiffs on the consequences of Exhibit A.

30.     The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest

4

that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

31. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I -- FDCPA

32. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

33. Exhibit A identifies the "CREDITOR" as Capital One, N.A. in one section of the letter and also identifies the "CREDITOR" as "KOHLS DEPARTMENT STORE" in another section of the same letter.

34. The unsophisticated consumer would not understand whether Kohls or Capital One was the creditor to whom the debt was owed.

5

35.     The language in Progressive's letter is false, misleading and confusing to the unsophisticated consumer, in that the letter falsely represents the identity of the creditor.

36.     The Defendant has therefore violated 1692e, 1692e(2) and 1692e(10).

## COUNT II – FDCPA

37.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

38.     Exhibit A identifies the creditor as Capital One, N.A.

39.     Exhibit A states that Kohl's Department Store will accept a settlement amount to settle the account.

40.     Upon information and belief, Kohl's is not the current creditor. The unsophisticated consumer would not understand how Kohl's could authorize a settlement or accept a settlement amount to settle the account held by Capital One.

41.     The language in Progressive's letter is false, misleading and confusing to the unsophisticated consumer, in that the letter confuses the unsophisticated consumer about the purported settlement offer.

42.     The Defendant has therefore violated 1692e, 1692e(2) and 1692e(10).

## CLASS ALLEGATIONS

43.     Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between February 24, 2016 and February 24, 2017, inclusive, (e) that was not returned by the postal service.

44.     The Class is so numerous that joinder is impracticable.  Upon information and belief, there are more than 50 members of the Class.

45.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10).

46.     Plaintiff's claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

47.     Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

48.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

49.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated:  February 24, 2017

7

ADEMI & O'REILLY, LLP

By: s/ John D. Blythin
   Shpetim Ademi (SBN 1026973)
   John D. Blythin (SBN 1046105)
   Mark A. Eldridge (SBN 1089944)
   Denise L. Morris (SBN 1097911)
   3620 East Layton Avenue
   Cudahy, WI 53110
   (414) 482-8000
   (414) 482-8001 (fax)
   sademi@ademilaw.com
   jblythin@ademilaw.com
   meldridge@ademilaw.com
   dmorris@ademilaw.com

8