# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| TERESA BUSHBERGER, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br> vs.<br><br>PROGRESSIVE FINANCIAL SERVICES, INC.,<br><br>   Defendant. | Case No.: 17-cv-254<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Teresa Bushberger is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Progressive Financial Services, Inc. ("Progressive") is a foreign corporation with its principal offices located at 1919 W Fairmont Drive, Building 8, Tempe, AZ 85282.

6. Progressive is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Progressive is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Progressive is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

### *August 7, 2016 Letter*

8. On or about August 7, 2016, Progressive mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this complaint as Exhibit A.

9. Exhibit A was the first letter that Progressive sent to Plaintiff regarding the alleged Kohl's Card debt.

10. Upon information and belief, the alleged debt that Progressive was attempting to collect with Exhibit A was a "Kohl's" store credit account (the "Kohl's Card"), issued and held by Capital One.

11. Plaintiff opened and used the Kohl's Card only for personal, family or household purposes, including purchases of personal and home goods at Kohl's department stores.

12. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

13. Upon information and belief, Exhibit A is a form debt collection letter used by Progressive to attempt to collect alleged debts.

14. Exhibit A states the following:

2

```
ORIGINAL CREDITOR:   CHASE BANK USA N.A.
CREDITOR:            CAPITAL ONE, N.A.
RE:                  KOHL'S DEPARTMENT STORES, INC.
ACCOUNT NUMBER:      ******1717
AMOUNT DUE:          $1,384.69
DEBTOR NAME:         TERESA BUSHBERGER
REFERENCE NUMBER:    0611054348
CREDITOR LAST PAID:  UNKNOWN
```

15. However, <u>Exhibit A</u> also states:

```
THIS LETTER SERVES AS FORMAL NOTICE THAT CHASE BANK USA N.A. HAS PLACED THE
ABOVE-REFERENCED ACCOUNT WITH PROGRESSIVE FINANCIAL SERVICES, INC. FOR COLLECTION
ACTIVITIES. YOUR RESPONSIBILITIES INCLUDE REPAYMENT OF THE ACCOUNT BALANCE, WHICH IS DUE
IN FULL.
```

16. The language described in the previous two paragraphs are false, misleading and confusing to the unsophisticated consumer.

17. "Chase Bank USA N.A." ("Chase") did not "place the above-referenced account with Progressive Financial Services, Inc. for collection activities."

18. Plaintiff's counsel has determined through research that Capital One issues and is the holder of Kohl's store credit accounts.

19. Capital One took over ownership of Kohl's credit accounts from Chase in 2011. *See* https://www.washingtonpost.com/business/capitalbusiness/capital-one-wins-deal-to-back-kohls-credit-cards/2011/04/07/AFdmSlFD_story.html?utm_term=.c62c4e6e9cc2.

20. Since the transfer of accounts from Chase to Capital One in 2011, Chase has had no involvement in holding or servicing Kohl's credit accounts.

21. Progressive's statement that Chase had placed Plaintiff's Kohl's Card account with Progressive for collection is false and misleading. In fact, Capital One and/or Kohls placed Plaintiff's account with Progressive. Chase had no involvement.

### *September 9, 2016 Letter*

22. On or about September 9, 2016, Progressive mailed another debt collection letter to Plaintiff. A copy of this letter is attached to this complaint as <u>Exhibit B</u>.

23. Exhibit B seeks to collect the same alleged Kohl's Card account that Progressive was attempting to collect with Exhibit A.

24. The top of Exhibit B states that the "CREDITOR" is allegedly "CAPITAL ONE, N.A." ("Capital One").

25. The bottom of Exhibit B, however, states that the "CREDITOR" is allegedly "KOHLS DEPARTMENT STORE."

26. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

27. Upon information and belief, Exhibit B is a form debt collection letter used by Progressive to attempt to collect alleged debts.

28. Exhibit A states:

KOHLS DEPARTMENT STORE will currently accept $830.81 (60% of the amount currently due on this account) to settle your account.

To take advantage of this offer contact our offices prior to 10/09/2016 to make arrangements or forward payment of $830.81 with the coupon below so that it is received in our office on or before 10/09/2016. Note that after 10/09/2016 neither Progressive Financial Services, Inc. nor KOHLS DEPARTMENT STORE is under any obligation to renew this offer. If payment is not received in our office on or before 10/09/2016, we will continue to pursue collection of the full balance due.

29. Kohl's Department Store ("Kohl's") and Capital One are two distinct business entities.

30. Exhibit B states that the creditor is Capital One. Exhibit B also states that Kohl's is willing to settle the debt with Plaintiff. However, upon information and belief, Capital One is the current creditor, not Kohl's, and only Capital One can authorize a settlement of the alleged debt listed in Exhibit B.

*FDCPA Violations*

31. Progressive's misrepresentations of the creditor's identity are materially false, misleading or confusing statements.

4

Case 2:17-cv-00254-PP    Filed 03/28/17    Page 4 of 10    Document 5

32. Misrepresentation of the creditor's identity is a misrepresentation of the character and legal status of the debt. 15 U.S.C. § 1692e(2)(a).

33. Progressive's misrepresentation is also a "false representation or deceptive means to collect or attempt to collect any debt," in violation of 15 U.S.C. § 1692e(10).

34. The FDCPA also required Progressive to provide, in writing, a debt validation notice containing "the name of the creditor to whom the debt is owed" in a non-confusing manner to Plaintiff. 15 U.S.C. § 1692g(a).

35. The conflicting statements in <u>Exhibit A</u> about the identity of the creditor are confusing and misleading to the unsophisticated consumer.

36. The unsophisticated consumer could mistakenly believe that Chase or Kohl's was the actual creditor, and could mistakenly attempt to make payments to the wrong business entity.

37. If a consumer sent a check to Chase or Kohl's, the payment may not satisfy the alleged debt owed to the correct creditor, who could be within its rights to continue collection efforts or even file a lawsuit to collect the debt.

38. In addition, the consumer may be barred from recovering a payment to the incorrect party by the voluntary payment doctrine. Even if the voluntary payment doctrine does not apply or would not be enforced, the logistical challenge of obtaining a refund would discourage consumers from attempting to recover their erroneous payment.

39. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

40. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation

5

of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

41. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

42. 15 U.S.C. § 1692g(a) requires a debt collector to disclose in the first written communication with the consumer, among other things, a non-confusing statement of the name of the creditor to whom the debt is owed. 15 U.S.C. § 1692g(a)(2).

43. Plaintiff was confused by <u>Exhibits A and B</u>.

44. The unsophisticated consumer would be confused by <u>Exhibits A and B</u>.

45. Plaintiff had to spend time and money investigating <u>Exhibits A and B</u>.

46. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiffs on the consequences of <u>Exhibits A and B</u>.

47. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill.

Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

48. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I -- FDCPA

49. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

50. Exhibit A falsely states that "Chase Bank USA N.A. has placed the above-referenced account with Progressive Financial Services, Inc. for collection activities."

51. At all times relevant to the claims in this complaint, Chase had no involvement in Plaintiff's Kohl's Card account. Capital One was the holder of the account and had been so since 2011.

52. The unsophisticated consumer would be confused as to whom the account was owed.

53. Defendant violated 1692e, 1692e(2), 1692e(10), and 1692g(a).

## COUNT II -- FDCPA

54. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

55. <u>Exhibit B</u> identifies the "CREDITOR" as Capital One, N.A. in one section of the letter and also identifies the "CREDITOR" as "KOHLS DEPARTMENT STORE" in another section of the same letter.

56. The unsophisticated consumer would not understand whether Kohl's or Capital One was the creditor to whom the debt was owed.

57. The language in Progressive's letter is false, misleading and confusing to the unsophisticated consumer, in that the letter falsely represents the identity of the creditor.

58. Defendant violated 1692e, 1692e(2) and 1692e(10).

## COUNT III – FDCPA

59. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

60. <u>Exhibit B</u> identifies the creditor as Capital One, N.A.

61. <u>Exhibit B</u> states that Kohl's Department Store will accept a settlement amount to settle the account.

62. Upon information and belief, Kohl's is not the current creditor. The unsophisticated consumer would not understand how Kohl's could authorize a settlement or accept a settlement amount to settle the account held by Capital One.

63. The language in Progressive's letter is false, misleading and confusing to the unsophisticated consumer, in that the letter confuses the unsophisticated consumer about the purported settlement offer.

64. Defendant has therefore violated 1692e, 1692e(2) and 1692e(10).

## CLASS ALLEGATIONS

65. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibits A or B to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between February 24, 2016 and February 24, 2017, inclusive, (e) that was not returned by the postal service.

66. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

67. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10).

68. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

69. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

70. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

71. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: March 28, 2017

**ADEMI & O'REILLY, LLP**

By: s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com